IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

KEITH ELLIOTT HAVARD                                                                                    PLAINTIFF

VS.                                                                          CIVIL ACTION NO. 3:09cv107-FKB

STEPHANIE JONES, et al.                                                                           DEFENDANTS

ORDER

      This § 1983 action is before the Court on motions filed by Plaintiff and also *sua sponte* concerning other pretrial matters.

      In the omnibus order entered March 11, 2011, the Court summarized Plaintiff's claims as follows: Revocation of Earned Release Supervision (ERS) without due process, inadequate cold-weather clothing in prison, and exposure to second-hand cigarette smoke in prison. However, in its order the Court failed to address Plaintiff's access to courts claim. The basis of this claim is apparently an alleged lack of assistance by ILAP in preparing a state post-conviction application challenging his ERS revocation. However, at the omnibus hearing, Plaintiff failed to articulate any specific prejudice that resulted from this lack of assistance. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (showing of actual injury required to establish access to courts violation). Accordingly, this claim is hereby dismissed for failure to state a claim.

      Previously, Defendants were ordered to provide to Plaintiff and the Court the last-known address for Stephanie Jones. The docket does not reflect that Defendants have complied with this order; they are directed to do so within seven days of entry of this order. It is further ordered that Plaintiff's request to amend to add David Sullivan and

Connie Pierce as defendants is granted.  Defendants are directed to provide Plaintiff and the Court with the last known addresses for these individuals within seven days.

The Court previously denied Plaintiff's motion to amend to add claims under the Mississippi Tort Claims Act.  Because Plaintiff admitted that he had not yet complied with the notice provisions of the Act, the Court denied the motion.  Plaintiff has now filed a motion which the Court construes as a motion for reconsideration [dkt. #35]  of that order, arguing that he has met the statute's exhaustion requirements.  The Court concludes that the motion should be denied, in that even if Plaintiff has complied with the exhaustion requirement, he has failed to set forth any specific facts which would show that he is entitled to relief.

Plaintiff's motion to amend to include a medical claim regarding a back injury and for other relief regarding medical care [dkt. #40] is hereby denied.  At the omnibus hearing, Plaintiff specifically disavowed any intent to bring a medical claim in this action.  Any medical claim should be asserted by the filing of a separate lawsuit.

The bench trial of this matter is hereby continued from its present setting of Wednesday, August 31, 2011 at 1:00 p.m. and is rescheduled for Wednesday, November 30, 2011 at 1:30 p.m.

SO ORDERED this the 25th day of August, 2011.

/s/ F. Keith Ball

UNITED STATES MAGISTRATE JUDGE