IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

KEITH ELLIOTT HAVARD                                         PLAINTIFF

VS.                                         CIVIL ACTION NO. 3:09cv107-FKB

STEPHANIE JONES, et al.                                      DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff, a state prisoner, brought this action pursuant 42 U.S.C. § 1983 alleging violations of his constitutional rights by prison officials. A *Spears*[1] hearing has been held, and the parties have consented to jurisdiction by the undersigned. Plaintiff's claim of denial of access to the courts was dismissed after the *Spears* hearing. Remaining are claims that his Earned Release Supervision (ERS) was revoked without due process, that he was denied adequate cold-weather clothing, and that he has been exposed to environmental tobacco smoke. Presently before the Court are the following motions: Plaintiff's motion to deem certain matters admitted [56], Plaintiff's motion for judicial notice [58], and the motion for summary judgment filed by Defendants Christopher Epps, Ron King, Margaret Bingham and Alicia Box [51]. Plaintiff has not responded to the motion for summary judgment. Having considered Plaintiff's motions, the motion for summary judgment and supporting memorandum, the affidavits in support of that motion, the sworn statements in Plaintiff's complaint, and Plaintiff's testimony at the Spears

---

[1]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

hearing, the Court concludes that Plaintiff's motions should be denied, that the motion for summary judgment should be granted, and that judgment should be entered for all defendants.

### *Plaintiff's Motions*

Plaintiff asks that the matters set forth in his requests for admissions propounded to Defendants be deemed admitted because of Defendants' failure to respond. Defendants Epps, King, Bingham and Box defend their failure to respond based upon the untimeliness of the requests, which were served on the last day of the discovery period. The Court agrees that because the requests were not served sufficiently in advance of the discovery deadline to allow for a response prior to that deadline, Defendants had no obligation to respond. Accordingly, Plaintiff's motion to deem matters admitted is hereby denied.

Plaintiff requests the Court to take judicial notice of the dangers of second-hand tobacco smoke. While judicial notice of this fact could be appropriate under some circumstances, the Court concludes, as set forth below, that Plaintiff has failed to state an Eighth Amendment claim for exposure to environmental tobacco smoke. For this reason, the motion for judicial notice is denied.

### *Motion for Summary Judgment*

The focus of Plaintiff's complaint is his claim regarding ERS revocation. In September of 2006, Plaintiff was released on ERS. On August 30, 2007, he was arrested on a domestic violence charge. The next day he received a Rules Violation Report citing him with a violation of Rule B of the MDOC Inmate Handbook, which deems

2

"[a]ny incident in which an offender allegedly commits an act covered by criminal law" to be a rule violation. When a hearing was not held within seven days, as required under MDOC's regulations, Plaintiff wrote a letter requesting a hearing.

On September 26, 2007, a hearing was held at CMCF before Stephanie Jones, a disciplinary hearing officer. Based upon the Plaintiff's arrest and criminal charge, Ms. Jones found him guilty of a Rule B violation. Thereafter, Plaintiff appealed the RVR through the Administrative Remedies Program (ARP) and then in state court, without success. Ultimately the state court passed the criminal charge to the file. Plaintiff subsequently filed an ARP grievance regarding release on ERS and parole eligibility; the grievance was denied at all levels.

As Defendants Epps, King, Bingham, and Box point out in their motion, Plaintiff has failed to allege any personal involvement on their part with regard to the revocation of his ERS. Each of these defendants has also provided an affidavit denying any involvement with the revocation. In order to state a cause of action for a constitutional violation, a plaintiff "must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant." *Jolly v. Klein*, 923 F.Supp 931, 943 (S.D. Tex. 1996) (citing *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 2002)). The only connection of these persons to the ERS issue is that they denied relief to Plaintiff at various stages of the ARP process. Such denial is an insufficient basis for imposing liability under § 1983. *See, e.g.*, *Anderson v. Pratt*, No. 3:09cv455-L, 2002 WL 1159980, at *4 (N.D. Tex. May 29, 2002) (prison official's review and denial of grievance insufficient to establish personal involvement in constitutional violation). Neither has

Plaintiff alleged any involvement on the part of the recently-joined defendant, David Sullivan.

The only named defendant who was personally involved in the revocation was Stephanie Jones, the disciplinary hearing officer. Defendant Jones remains unserved; therefore, the claims against her would be subject to dismissal without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure upon proper notice to Plaintiff. However, the Court concludes that dismissal with prejudice is appropriate because Plaintiff's allegations do not rise to the level of a constitutional violation. Although Plaintiff contends that the procedures through which his ERS was revoked violated due process, he has identified no unconstitutional procedure. Rather, he simply disagrees with the outcome, apparently believing that the RVR and resulting ERS revocation were invalid because he was ultimately not prosecuted on the domestic violence charge. This belief is incorrect: A violation of Rule B, by its terms, requires only involvement in an allegedly criminal incident, not conviction.[2] In an attempt to raise a due process issue, Havard argues that he received insufficient notice of the charges against him, but his own documents clearly indicate that he understood that the revocation procedure was initiated because of the domestic violence incident. Because Plaintiff has failed to sufficiently allege a constitutional violation, all claims against all defendants concerning the

---

[2]Havard also complains about a statement made by Ms. Jones during the hearing. According to Plaintiff, Ms. Jones told him that he would be released if the criminal charge were dropped. To the extent that he was misled by this statement, he has not shown that he relied on it or that it violated his constitutional rights in any way. Moreover, the charges were merely remanded to the file; there is no indication that they have been dropped or dismissed.

revocation of his ERS will be dismissed with prejudice.

The remaining claims asserted by Plaintiff concern conditions at South Mississippi Correctional Facility (SMCI), the institution in which he is currently housed. He asserts that at SMCI he has been denied adequate winter clothing and has been exposed to environmental tobacco smoke. The clothing issue arose when Plaintiff was assigned to unit maintenance in November of 2008. He contends that the cold-weather clothing provided to him was insufficient and that he requested long underwear from prison officials, including Defendant King, the warden at SMCI, but that King denied his request. Havard claims that he became ill thereafter, possibly as a result of wearing insufficient clothing.

In order to state an Eighth Amendment claim based upon unconstitutional prison conditions, an inmate must allege conditions which pose a substantial risk of serious harm to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Furthermore, in order to hold a prison official liable for unconstitutional conditions, a plaintiff must establish subjective deliberate indifference on the official's part, *i.e.,* that he was aware of the facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn and that he actually drew the inference. *Id.* at 837; *see also Herman v. Holiday,* 238 F.3d 660, 664 (5th Cir. 2001). An allegation that Plaintiff wrote Defendant King a letter requesting long underwear, and that King denied the request, falls far short of this standard. For this reason, Plaintiff's claims regarding inadequate clothing will be dismissed.

The Court concludes that Havard's claim of exposure to second-hand tobacco

5

smoke is also subject to dismissal.  His sole factual allegation on this point is that he was assigned to a top rack over an inmate who smoked.  Again, however, his failure to allege the personal involvement of any defendant in this action is fatal to his claim.

Furthermore, all claims against the remaining Defendants, Connie Pierce and David Sullivan, will be dismissed with prejudice, as Plaintiff has failed to allege their personal involvement in any constitutional violation.

The summary judgment motion of Defendants Epps, King, Bingham and Box is hereby granted.  The claims against them, as well all claims against the remaining defendants,  are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  A separate judgment will be entered.

SO ORDERED this the 21st day of November, 2011.

/s/ F. Keith Ball

UNITED STATES MAGISTRATE JUDGE